IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT
AUSTIN DIVISION

| | |
|---|---|
| DANIEL BOSTIC, § § § | |
| Plaintiff, § § | Case No. 1:22-cv-158-RP |
| v. § § | |
| THE DAILY DOT, LLC, *et al.*, § § | |
| Defendants. § § | |

### DEFENDANT CLARION MEDIA GROUP, LLC'S
### MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Clarion Media Group, LLC ("Fragment Media")[1] moves to dismiss Plaintiff Daniel Bostic's Amended Complaint, ECF No. 5, under Federal Rule of Civil Procedure 12(b)(6) and states the following in support:

### BACKGROUND[2]

Bostic filed this action against Fragment Media in response to a February 2021 news article that referenced Bostic's connection to the "Stop the Steal" organization and movement and the January 6, 2021 attack on the U.S. Capitol carried out by some of its followers (the "Article"). Am. Compl. ¶¶ 1, 3. The Article was written by Defendant Zachary Petrizzo and published by Defendant The Daily Dot, LLC ("Daily Dot") (together, the "Daily Dot

---

[1] In April 2022, Clarion Media Group, LLC became Fragment Media Group, LLC. *See, e.g.*, Nicholas White, "Clarion Media Announces Rebrand To Fragment Media Group" (Press Release Apr. 28, 2022), https://bit.ly/3xF7zBZ.

[2] For the background allegations and facts generally relevant to this action, Fragment Media refers the Court to, and incorporates herein by reference, the background facts stated in the Motion to Dismiss Plaintiff's Amended Complaint concurrently filed by Defendants The Daily Dot, LLC and Zachary Petrizzo. *See* ECF No. 9 ("Daily Dot Motion").

Defendants"). *Id.* ¶¶ 3, 5. Bostic's allegations relating to the Article's preparation and publication focus only on the Daily Dot Defendants. *Id.* ¶¶ 3-6, 28-36.

Bostic alleges that Fragment Media is "an online media conglomeration" that owns the Daily Dot and several other entities and is a Delaware corporation with a principal place of business in Texas. *Id.* ¶¶ 3, 10, 26. He does not allege any facts to suggest Fragment Media did anything relating to the Article other than own the company that published it. *See generally id.*

## ARGUMENT

### A.   Bostic fails to allege any basis for relief against Fragment Media.

Under Texas law, a corporation may be liable for the torts of its subsidiary only in "exceptional circumstances." *Lucas v. Tex. Indus., Inc.*, 696 S.W.2d 372, 374 (Tex. 1984); *see also, e.g.*, *Wayne v. Dallas Morning News*, 78 F. Supp. 2d 571, 580 (N.D. Tex. 1999) (newspaper's parent company not liable for newspaper's misconduct because "a parent corporation is generally not liable for the tortious acts of its subsidiary").

Those "exceptional circumstances" exist only "where it appears the corporate entity of the subsidiary is being used as a sham to perpetuate fraud, to avoid liability, to avoid the effect of a statute, or in other" rare cases in which the subsidiary acted as the *alter ego* of the parent company. *Lucas*, 696 S.W.2d at 374; *see also Nelson v. Int'l Paint Co.*, 734 F.2d 1084, 1092 (5th Cir. 1984) (no liability for subsidiary's acts unless "the parent has so dominated the subsidiary that the subsidiary is found to be a mere agent or conduit through which the parent conducts its business"). In other words, "absent a showing of wrongdoing on the part of the parent corporation, Texas courts have refused to make the parent liable for its subsidiary's torts." *Seminole Pipeline Co. v. Broad Leaf Partners, Inc.*, 979 S.W.2d 730, 739 (Tex. App. 1998).

The Amended Complaint alleges no facts whatsoever to suggest such "wrongdoing" by Fragment Media. Bostic's claims arise from the publication of the Article, but the Amended

Complaint fails to allege *any* facts connecting Fragment Media to the Article's preparation or publication or to Fragment Media's relationship with the Daily Dot beyond the fact of its ownership.[3] These allegations fall far short of stating a claim for relief against Fragment Media. *See, e.g.*, *Lucas*, 696 S.W.2d at 374 ("There must be something more than mere unity of financial interest, ownership and control for a court to treat the subsidiary as the alter ego of the parent and make the parent liable for the subsidiary's tort.").

Accordingly, the Amended Complaint against Fragment Media should be dismissed for this additional reason. *See, e.g.*, *YETI Coolers, LLC v. RTIC Coolers, LLC*, No. 1:15-CV-00597-RP, 2016 U.S. Dist. LEXIS 186670, at *32 (W.D. Tex. Aug. 1, 2016) (dismissing claim because complaint "does not contain facts sufficient to allege that the corporate veil should be pierced"); *DDH Aviation, LLC v. Holly*, No. 3:02-CV-2598-P, 2005 U.S. Dist. LEXIS 5362, at *26 (N.D. Tex. Mar. 31, 2005) (dismissing claim because plaintiff merely "alleged facts [that], at most, create a situation similar to a parent/subsidiary relationship").

### B.  Bostic's claims fail for the reasons asserted by the Daily Dot Defendants.

Fragment Media adopts and incorporates herein by reference the arguments asserted in the Daily Dot Motion. As those arguments explain, the Amended Complaint should be dismissed with prejudice for the separate and independent reasons that the First Amendment, federal, and Texas law bar Bostic's claims.

### CONCLUSION

For the foregoing reasons, and those set out in the Daily Dot Motion, the Amended Complaint against Fragment Media should be dismissed with prejudice.

---

[3] Bostic includes Fragment Media in boilerplate allegations of wrongdoing set out in the beginning of the Amended Complaint and within count one. *See* Am. Compl. ¶¶ 1, 7, 40, 43, 45-47. These conclusory allegations "are not entitled to the assumption of truth" and fall short of showing that Bostic is entitled to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Dated: July 1, 2022

Respectfully submitted,

By: */s/ Ashley I. Kissinger*
    Ashley I. Kissinger
    State Bar No. 00795464
    kissingera@ballardspahr.com
    BALLARD SPAHR LLP
    1225 17th Street, Suite 2300
    Denver, CO  80202-5596
    Telephone: 303.376.2407
    Facsimile: 303.296.3956

    Chad R. Bowman
    (*pro hac vice motion forthcoming*)
    bowmanchad@ballardspahr.com
    Matthew S.L. Cate
    (*pro hac vice motion forthcoming*)
    catem@ballardspahr.com
    BALLARD SPAHR LLP
    1909 K Street, NW
    12th Floor
    Washington, DC  20006-1157
    Telephone: 202.661.2200
    Facsimile: 202.661.2299

    *Attorneys for Defendant Clarion Media Group, LLC*