IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT
AUSTIN DIVISION

| | |
|---|---|
| DANIEL BOSTIC, § § § Plaintiff, § § v. § Case No. 1:22-cv-158-RP § THE DAILY DOT, LLC, *et al.*, § § Defendants. § § | |

### DECLARATION OF MATTHEW S.L. CATE IN SUPPORT OF DEFENDANT THE DAILY DOT, LLC'S MOTION TO COMPEL

1. I am an associate at Ballard Spahr LLP, counsel for Defendants this action. I submit this declaration in support of Defendant The Daily Dot, LLC's Motion to Compel (the "Motion"). I am more than 18 years old, have personal knowledge of the facts relayed below, and if called upon to do so could and would testify competently to them.

2. On May 5, 2023, The Daily Dot served on Plaintiff Daniel Bostic a first set of requests for production of documents ("RFPs") and a first set of interrogatories. True and correct copies of those discovery materials are attached to this declaration as **Exhibits 1 and 2**.

3. On June 6, 2023, after I informed counsel for plaintiff that plaintiff had not served any discovery responses by the June 5, 2023, deadline, counsel asked for an extension of time to respond to the requests. We agreed to a two-week extension, making plaintiff's responses due June 19, 2023.

4. On June 20, 2023, after I notified plaintiff's counsel that plaintiff had again missed the deadline to serve his discovery responses, counsel served plaintiff's responses and objections to The Daily Dot's discovery requests, made a limited production of documents in

response to the RFPs, explained that some information and documents were being withheld until entry of a protective order, and advised that additional documents would be produced "next week." True and correct copies of plaintiff's discovery responses are attached to this declaration as **Exhibits 3-4**.

5. On June 30, 2023, I asked plaintiff's counsel about the status of the promised follow-up production and advised that we would consider agreeing to a joint motion for entry of a protective order, recommending the Court's form order appended to the Local Rules.

6. Three weeks later, after I made repeated requests for a status update, plaintiff's counsel promised to provide the additional documents and a draft protective order. On July 29, 2023, plaintiff's counsel made a supplemental production of documents responsive to the RFPs, and proposed a draft protective order that, on my review, appeared to be based on a model used in Virginia.

7. On August 2, 2023, plaintiff's counsel confirmed that he had produced all material responsive to The Daily Dot's RFPs. Despite my repeated outreach to plaintiff's counsel since that email, that was the last communication we have received from him.

8. Those outreach efforts included:

    a. A September 22, 2023, email explaining that we did not agree to the form of the Virginia-based protective order counsel had circulated and asking that he prepare a joint motion for entry of this Court's form protective order;

    b. A November 1, 2023, voicemail I left for plaintiff's counsel noting the existence of several discovery issues and providing advance notice of a forthcoming letter discussing the issues in detail;

  c. A November 1, 2023, email and letter to plaintiff's counsel identifying multiple issues arising from plaintiff's discovery responses and the failure to finalize a protective order for submission to the Court—true and correct copy of the letter is attached to this declaration as **Exhibit 5**;

  d. A November 9, 2023, voicemail for plaintiff's counsel, followed by another email asking if Bostic would be engaging with us to discuss the issues raised in our November 1 letter;

  e. A November 15, 2023, email to plaintiff's counsel that again sought engagement on the discovery issues and asked for plaintiff to execute two waivers necessary for The Daily Dot to obtain information from the FBI and from Bostic's therapist (*i.e.*, a Privacy Act waiver and a medical HIPAA authorization); and

  f. A December 8, 2023, email serving a notice of intent to serve subpoenas and again asking if plaintiff's counsel would discuss the discovery issues and waiver requests.

9. As of the filing of this motion, Bostic's counsel has not responded or otherwise engaged in discussions relating to the issues raised in our November 1 letter, the protective order, or the waiver requests.

10. On December 11, 2023, a paralegal working with plaintiff's counsel served discovery requests on the Defendants via email. That transmittal did not discuss any of the pending discovery issues, protective order, or waiver request.

11. In response to The Daily Dot's requests for production, plaintiff produced (among other material), the documents attached to this declaration as **Exhibits 6-8**.

12. A true and correct copy of the audio file from the Chris Stigall Show, CPAC Coverage Day 2 (Feb. 26, 2022) is attached hereto as **Exhibit 9**.[1]

I declare under penalty of perjury that the foregoing is true and correct.

Date: December 13, 2023                                  */s/ Matthew S.L. Cate*
                                                                              Matthew S.L. Cate

---

[1] This is an audio file that cannot be electronically filed using the Court's CM/ECF system. A copy will be provided to the Court and counsel of record on CD.