# **EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT
AUSTIN DIVISION

| | |
|---|---|
| DANIEL BOSTIC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 1:22-cv-158-RP |
| § | |
| THE DAILY DOT, LLC, *et al.*, § | |
| § | |
| Defendants. § | |

**DEFENDANT THE DAILY DOT, LLC'S**
**FIRST SET OF INTERROGATORIES TO PLAINTIFF DANIEL BOSTIC**

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule CV-33, Defendant The Daily Dot, LLC requests that Plaintiff Daniel Bostic provide verified responses to the following interrogatories within 30 days:

**DEFINITIONS**

1. As set forth in Local Rule CV-26(b), the term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term. The term "document" also includes any "communication," which under Local Rule CV-26(b) means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). The term "document" also includes final or any draft version(s) of emails, text messages, social media posts of any type, direct-messages sent or received through any social media platform, and communications exchanged through any type of messaging application (*e.g.*, iMessage, Messenger, Signal, WhatsApp, Slack, Telegram, Zello, etc.).

2. As set forth in Local Rule CV-26(b), the term "person" means any natural person or business, legal or governmental entity or association.

3. As set forth in Local Rule CV-26(b), the term "identify" means:

   a. When referring to a person, to give, to the extent known, the person's full name, social media handle(s), present or last known address, e-mail address(es), and telephone number(s), and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

   b. When referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

4. As set forth in Local Rule CV-26(b), the term "concerning" means relating to, referring to, describing, evidencing or constituting.

5. "You" and "your" refer to Plaintiff Daniel Bostic and, consistent with Local Rule CV-26(b) and where applicable, any of Bostic's employees or partners.

6. The "Article" refers to the February 23, 2021, report identified in paragraph 3 of the Amended Complaint.

7. The term "documentary" refers to the "documentary film" or "the film" to which the Amended Complaint refers in paragraphs 6, 17-18, 33, 35, 37, 49-51.

8. The term "social media" refers to any virtual or online means of interacting with other persons or posting content through an online platform, including but not limited

to Twitter, Facebook, Reddit, Instagram, YouTube, TikTok, Snapchat, LinkedIn, Pinterest, WeChat, MeWe, Rumble, Telegram, Parler, and Gab. It also refers to messaging platforms including but not limited to iMessage, Messenger, Signal, WhatsApp, Slack, Telegram, Zello, etc.

9. The term "Stop the Steal Group" refers to any formal or informal organization or group, without regard to legal formation, that (1) referred to itself publicly or privately as "Stop the Steal," or "StopTheSteal," or "STS" or (2) used any such terms in its formal or informal name (*e.g.*, without limitation "Stop the Steal Political Action Committee," "STS Patriots," or "STS Management").

## INTERROGATORIES

**Interrogatory No. 1:**

Identify all persons who have a subrogation or other financial interest in the causes of action set forth in your Amended Complaint, including any persons funding this action in whole or in part regardless of any expectation of payment, reimbursement, or compensation in return for such funding, and describe the specific nature and extent of that interest.

**Interrogatory No. 2:**

For every allegedly false and defamatory statement you contend any of the Defendants made about you to anyone, identify for each such statement (1) the date the statement was made, (2) the name of the person who made it; (3) how they made it; (4) what they said; (5) the names of every person who heard or received the statement; and (6) what you contend to be false about the statement and what you contend to be the truth about the matter, setting forth all facts supporting your contention in a format substantially similar to the table below:

| Date | Speaker/Author | Written/Oral | Content of Statement | Recipients | Falsity |
|---|---|---|---|---|---|
| [date] | [name] | [email / phone / in person] | [content] | [name(s)] | [explanation] |
| [date] | [name] | [email / phone / in person] | [content] | [name(s)] | [explanation] |
| [date] | [name] | [email / phone / in person] | [content] | [name(s)] | [explanation] |

**Interrogatory No. 3:**

For any damages that you contend you sustained as a result of any conduct or statement by any of the Defendants, identify with particularity (1) the nature of the alleged damages, (2) the amount of such damages and how you calculate them, (3) all persons with knowledge of facts relating to those damages, including any facts that tend to mitigate or disprove the existence of those damages, and the substance of their knowledge, and (4) all documents you contend support those damages.

**Interrogatory No. 4:**

Identify every contractual relationship you contend was interfered with in any way by publication of the Article or any other conduct you attribute to Defendants. In doing so, identify (1) all of the parties to such contract(s) or agreement(s) and all persons with a financial interest in those contract(s) or agreement(s), (2) the purpose or subject matter of those contract(s) or agreement(s), (3) whether the contract(s) or agreement(s) were written or oral, (4) the persons with whom you engaged in any communications concerning the contract(s), (5) the manner in which you contend the contract(s) or agreement(s) were interfered with, and (6) the amount and method of calculating any damages flowing from the disruption of the contract(s) or agreement(s).

**Interrogatory No. 5:**

Set forth with particularity all facts concerning the "events" or "business opportunities" that, as you allege in paragraph 37 and 52 of the Amended Complaint, you "were disinvited and cancelled from" or lost as a result of the Article or any other conduct by Defendants. In doing so, in addition to describing the events and opportunities, identify (1) the persons with whom you engaged in any communications concerning the event(s) or opportunities, (2) the type or subject matter of the event or opportunity at issue, (3) the manner in which you contend the contract or agreement was interfered with, and (4) the amount and method of calculating any damages flowing from the loss of opportunity or event cancellation.

**Interrogatory No. 6:**

Identify all social media accounts from which you posted any content, whether on behalf of yourself or any other person who authorized you to post content and regardless of whose name is on the account, from November 1, 2020, through March 31, 2021, and the user name(s) associated with each account.

**Interrogatory No. 7:**

For every cellular or landline phone account you used or were authorized by any person to use from November 1, 2020, through March 31, 2021, identify (1) the account service provider (*e.g.*, Verizon, T-Mobile, etc.), (2) the name of the account holder, and (3) the phone number(s) associated with that account.

**Interrogatory No. 8:**

For every messaging application (*e.g.*, iMessage, Messenger, Signal, WhatsApp, Slack, Telegram, Zello, etc.) on which you sent or received any type of message (on behalf of yourself or any other person) from November 1, 2020, through March 31, 2021, identify (1) the application, (2) the name(s), phone number(s), and/or email address(es) used to create the account(s) used in that application, and (3) the user name(s) associated with the account(s) for each application.

**Interrogatory No. 9:**

Identify the names or titles of all online groups or group chats (*e.g.*, text-messaging groups, Telegram groups, Facebook groups, Slack channels, or similar chat or messaging or other groups) to which you belonged, subscribed, or otherwise participated in any way from November 1, 2020, through March 31, 2021, that engaged in any discussions concerning any Stop the Steal Group, the 2020 U.S. presidential election, or the integrity of the ballot-counting process in any state during that election. In doing so, ensure your response identifies which platform(s) or messaging application(s) the group used (if applicable) and identify the names (both actual and names as they appear in your contacts list) and phone numbers of all persons who were included in that group.

**Interrogatory No. 10:**

If you sent or received any text messages from any group text named, at any point from November 1, 2020, through January 31, 2021, as "STS Management" or "STS Patriots," identify the names (both actual and names as they appear in your contacts list) and phone numbers of all persons who were included in that group.

**Interrogatory No. 11:**

Identify every text-messaging group you participated in at any point from November 1, 2020, through January 31, 2021, that exchanged any text messages concerning the 2020 U.S. presidential election or the integrity of the ballot-counting process in any state during that election. In doing so, provide the name (if any) of the group and the names (both actual and names as they appear in your contacts list) and phone numbers of all persons who were included in that group.

**Interrogatory No. 12:**

Identify every rally, event, or gathering of any type you attended that was promoted as being, and/or in fact was, affiliated in any way with the organization, movement, or phrase "Stop the Steal" or that otherwise concerned the 2020 U.S. presidential election or the integrity of the ballot-counting process in any state during that election.

**Interrogatory No. 13:**

Identify every alias, nickname, pseudonym, handle, or name other than "debostic," "Daniel," or "Daniel Bostic" that you have used or responded to in any actual or virtual conversation with any person since January 1, 2020.

**Interrogatory No. 14:**

Identify every person you spoke with on January 5-6, 2021, whether in person, by telephone, by text, by social media, by messaging platform, or by any other means of communication, and describe what you spoke with that person about and on what date.

**Interrogatory No. 16:**

Identify every company or any other type of entity in which you hold or have ever held any ownership interest.

— 7 —

Dated: May 5, 2023

Respectfully submitted,

By: */s/ Matthew S.L. Cate*
Ashley I. Kissinger
State Bar No. 00795464
kissingera@ballardspahr.com
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, CO  80202-5596
Telephone: 303.376.2407
Facsimile: 303.296.3956

Chad R. Bowman
(admitted *pro hac vice*)
bowmanchad@ballardspahr.com
Matthew S.L. Cate
(admitted *pro hac vice*)
catem@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW
12th Floor
Washington, DC  20006-1157
Telephone: 202.661.2200
Facsimile: 202.661.2299

*Attorneys for Defendants The Daily Dot, LLC and Zachary Petrizzo*

## CERTIFICATE OF SERVICE

I certify that on May 5, 2023, I caused a copy of the foregoing document to be served on counsel for Plaintiff Daniel Bostic by delivering a copy via email.

*/s/ Matthew S.L. Cate*
Matthew S.L. Cate