# **<u>EXHIBIT 5</u>**

# Ballard Spahr
### LLP

- - - - - - - - - - - - - - - - - -
1225 17th Street, Suite 2300
Denver, CO 80202-5596
TEL 303.292.2400
FAX 303.296.3956
www.ballardspahr.com
- - - - - - - - - - - - - - - - - -
1909 K Street, NW
12th Floor
Washington, DC 20006-1157
TEL 202.661.2200
FAX 202.661.2299
www.ballardspahr.com

Ashley I. Kissinger
Tel: 303.376.2407
Fax: 303.296.3956
kissingera@ballardspahr.com

Matthew S.L. Cate
Tel: 202.661.7698
Fax: 202.661.2299
catem@ballardspahr.com

November 1, 2023

*Via email*
*(jason@binnall.com)*

Jason Greaves, Esq.
Binnall Law Group
717 King Street, Suite 200
Alexandria, VA 22314

Re:    *Bostic v. The Daily Dot, LLC, et al.*: Daniel Bostic's deficient discovery responses

Dear Jason:

As I just relayed in my voicemail to you, we are writing pursuant to Local Rule CV-7(G) to identify and hopefully resolve the deficiencies in Plaintiff Daniel Bostic's responses to the discovery served by Defendant The Daily Dot, LLC.

As further discussed below, Bostic's discovery responses are improper in several ways. First, Bostic has improperly withheld material he long-ago promised upon entry of a protective order, yet he has not responded to efforts to try to reach agreement on such an order. Second, with respect to The Daily Dot's Requests for Production ("RFPs"), Bostic has (1) failed to assert whether and to what extent he is withholding material on the basis of objections or privilege assertions, (2) failed to produce documents that are clearly responsive and in his possession, custody, or control, and (3) attempted through meritless objections to improperly try to narrow the scope of discovery.[1] Third, Bostic has refused to provide basic information in response to Interrogatories that is relevant to the claims and defenses in this case and to which The Daily Dot is entitled.

---

[1] With respect to the latter, on reviewing Bostic's discovery responses, The Daily Dot has agreed to narrow certain of its discovery requests as set forth below.

November 1, 2023
Page 2

The Federal Rules of Civil Procedure require Bostic to amend his responses, withdraw those objections that are, as discussed, without basis, and provide the information and documents the law requires him to disclose. The remaining case schedule, meanwhile, requires that he do so promptly. We therefore request that you provide the amended responses and responsive records **within one week** of this letter. Otherwise, we will regrettably have to seek Court relief.

### A.    Protective Order

Bostic is withholding documents and information on the grounds that such information is confidential and should be subject to a protective order. We last wrote to you on September 22, 2023, to propose entry of the Court's form protective order. *See* https://www.txwd.uscourts.gov/wp-content/uploads/2023/07/Confidentiality-and-Protective-Order_Appendix-H-1.pdf. You have not responded.

You have our consent to sign and submit that form order. Please do so immediately and provide all documents and information Bostic is withholding on the ground that such an order must be entered before disclosure, including but not limited to documents and redacted documents responsive to RFP Nos. 16, 36-37 and Interrogatory Nos. 9, 11.

### B.    Requests for Production

### 1.    All RFPs: Incomplete production

As an initial matter, our review of Bostic's document production suggests that Bostic has failed to properly produce the materials he agrees to provide in his responses.

For example, in February 2022, Bostic was texting with Erica Knight of The Knight Agency about the filing of his lawsuit and to arrange for media appearances to discuss it. *See* Bostic_28. Bostic confirms that he emailed her material about the case. *Id.* But the only document Bostic has produced reflecting any email correspondence with Ms. Knight is from an August 2022 email from Kashyap Patel. *See* Bostic_783.

Similarly, there are several references in the produced documents to various Stop the Steal-related Google documents or folders shared with or by Bostic, *see, e.g.*, Bostic_330, Bostic_336, Bostic_348, Bostic_375, but those have not been produced. In addition, another shared Google document relating specifically to this action, which was shared with Bostic by Ali Alexander, does not appear to have been produced. *See* Bostic_679.

Meanwhile, the production of responsive material from Bostic's email accounts appears incomplete. There do not appear to be any emails sent *from* Bostic's Gmail account in the production, and there only four emails sent from his "danielbostic.com" account and eight from his "stopthesteal.us" account. Please confirm that all of these accounts, as well as Bostic's "@cystra.com" account, have been fully and completely searched for responsive documents.

November 1, 2023
Page 3

Finally, Bostic_00352 appears to be redacted for some reason. Please confirm whether that is the case, identify all other documents that have been redacted in any way with white redaction boxes, and explain the justifications for those redactions.

## 2. RFP Nos. 1, 16-21, 32-34, 44: Document productions "without waiving objections"

For each of Bostic's responses to RFP Nos. 1, 16-21, 32-34, and 44, Bostic asserts various objections and then states that, "without waiving objections," he is producing documents responsive to the request. This response is improper under Fed. R. Civ. P. 34(b)(2)(C), which says that objections to requests for production "must state whether any responsive materials are being withheld on the basis of that objection." Because Bostic's responses fail to comply with that rule, The Daily Dot cannot determine whether he has fully complied with these requests. Bostic accordingly must amend these responses to clearly state whether he is withholding responsive material on the basis of his objections and, if so, on the basis of *which* objection(s).

## 3. RFP Nos. 8, 10, 12-15, 25, 29, 35, 42, and 47: Alleged lack of responsive material in Bostic's possession, custody, or control

In response to each of these RFPs, Bostic purports not to have responsive documents in his possession, custody, or control. But there is substantial reason to doubt these assertions have merit. For example, he invokes this bare assertion in response to RFP No. 47, which seeks phone records concerning usage of account(s) Bostic controlled or to which he had lawful access. By definition, Bostic has *control* of the responsive materials, even if he does not have possession or custody of them. *See, e.g., Nvision Biomedical Techs., LLC v. Jalex Med., LLC*, No. SA-15-CA-284-RP, 2015 WL 13049356, at *13 (W.D. Tex. Dec. 23, 2015), *aff'd* No. 5:15-CV-284 RP, 2016 WL 8259076 (W.D. Tex. Feb. 1, 2016) (Pitman, J.) ("Documents are deemed to be within the 'possession, custody or control' of a responding party if that party either has 'actual possession, custody or control' of the documents or if that party 'has the legal right to obtain the documents on demand or has the practical ability to obtain the documents from a non-party to the action.'").

Meanwhile, to the extent there are no documents in Bostic's possession, custody, or control responsive to these RFPs because they have "been destroyed, discarded, or placed outside of [Bostic's] possession, custody, or control," the Instructions to the RFPs ask Bostic to provide information identifying the circumstances of that destruction or movement of material.

Bostic must provide all responsive documents in his possession, custody, or control. Please confirm that his responses are accurate and, if they are not, please amend them and advise when he sought copies of the requested documents, and when he anticipates receiving them and producing them to The Daily Dot. If Bostic used to, but no longer, has possession, custody, or control of responsive documents, please provide the information requested in the Instructions.

November 1, 2023
Page 4

4.    **RFP Nos. 16, 20-21: Documents regarding election and Stop the Steal movement and group(s)**

Bostic objects to producing documents responsive to these RFPs except to the extent documents "reference[] the events of January 6, 2021, at the U.S. Capitol" and "relate to Stop the Steal."

Evidence of whether "Stop the Steal did organize events *that led to* the January 6 insurrection" is relevant to the claims and defenses in this case. *See* March 1, 2023 Order at 17 (emphasis added). As you know, multiple organizations and people worked together throughout the post-election period to plan, organize, and host various events relating to the dispute over the outcome of the 2020 U.S. presidential election that led to or related to rallies and events held on January 6. Documents in Bostic's possession, custody, or control that relate to those events and the organizations and people involved in planning, organizing, or hosting them is relevant and discoverable. Even so, The Daily Dot is willing to narrow the scope of these RFPs as follows:

- RFP No. 16: "The entire string of messages exchanged from November 1, 2020, through January 31, 2021, via text or in any messaging or chat group that sent any messages concerning any potential or actual event or gathering concerning the 2020 U.S. presidential election, the integrity of the ballot-counting process in any state during that election, or any Stop the Steal Group."

- RFP No. 20: "All documents concerning Stop the Steal LLC, Stop the Steal Political Action Committee, or any other Stop the Steal Group, relating to any event, rally, demonstration, or gathering of any type concerning the 2020 U.S. presidential election or the integrity of the ballot-counting process in any state during the election."

- RFP No. 21: "All documents relating to any credit card or bank account(s) affiliated with or used by Stop the Steal LLC, Stop the Steal Political Action Committee, any other Stop the Steal Group referring or relating to any expenses or charges in connection with event, rally, demonstration, or gathering of any type concerning the 2020 U.S. presidential election or the integrity of the ballot-counting process in any state during the election."

Bostic must withdraw his objections and produce all non-privileged documents responsive to these requests.

5.    **RFP Nos. 4 & 18: Documents regarding activities concerning the 2020 election**

These requests seek documents concerning activities, including transportation to or from any meeting or other type of gathering, that concern the 2020 U.S. presidential election, the election and/or the integrity of the ballot-counting process in any state during that election,

November 1, 2023
Page 5

any Stop the Steal Group, or any other group disputing the results of the 2020 presidential election or the ballot-counting process.

Bostic objects to these RFPs on the ground he does not understand them. This objection is not well-taken; Bostic's contention is belied by his concession that "[t]here were many" such activities. However, The Daily Dot will agree to narrow these requests as follows:

- RFP No. 4: "All documents concerning any activity of any sort, that Bostic or any member of any Stop the Steal Group participated in or contributed to or was involved in, in any fashion and to any degree, that occurred in the Washington, D.C. area, from November 1, 2020, through April 30, 2021, concerning the 2020 U.S. presidential election, the integrity of the ballot-counting process in any state during that election, any Stop the Steal Group."

- RFP No. 18: "All documents concerning any person's or group of persons' transportation to or from any meeting, event, rally, or gathering of any type planned or held from November 1, 2020, through January 31, 2021, that concerned the 2020 U.S. presidential election, the integrity of the ballot-counting process in any state during that election, in which Bostic or any member of any Stop the Steal Group was involved in any fashion and to any degree."

To the extent Bostic has documents in his possession, custody, or control responsive to these requests, as narrowed, he must produce them.

### 6.    RFP Nos. 11-14: Documents relating to "WH event" discussed in January 5, 2021 text exchange with Ali Alexander

These requests relate to an exchange in which Bostic and Ali Alexander discuss a "WH event" for January 6, 2021, and Jesse Binnall's request to Daniel Bostic for access to the event. In response to these RFPs, Bostic asserts no objections but has produced only a single email (Bostic_000610) and claims not to have possession, custody, or control of any other responsive documents.

It seems highly unlikely that Bostic has no other responsive material in his possession, custody, or control.

For example, there are presumably some other documents relating to the emailed list of six people Bostic forwarded to Nathan Martin on January 2, 2021. *See* Bostic_000610. What prompted that email? Was there a response? How did Bostic know to list those people at those email addresses? The answers to these questions presumably lie in documents that exist and over which Bostic has possession, custody, or control. Similarly, the text message exchange in Ali Alexander's production to Congress shows that Bostic, three days after the email you have produced, was in contact with Binnall about attending the "WH event" the next day. There are surely other materials in Bostic's possession, custody, or control responsive to this request, including materials relating to the "WH event" itself. Those documents, and all others responsive to these requests, must be produced.

7.      **RFP No. 22: Documents concerning payment-processing accounts or fundraising platforms**

Bostic objects to this request on the grounds it is overbroad and disproportionate to the needs of the case. The Daily Dot agrees to narrow the scope of this request to seek all documents concerning any payment-processing accounts or fundraising platforms to which Bostic had account access from November 1, 2020, through April 30, 2021, where the documents relate to any Stop the Steal Group or any other organization of any type that disputed the results of the 2020 U.S. presidential election or disputed the integrity of the ballot-counting process in any state during that election.

Please produce all responsive, non-privileged documents responsive to this request.

8.      **RFP No. 34: Documents sent to or received from Kashyap Patel and related entities regarding claims.**

Bostic objects to this request on the ground that it "potentially call[s] for attorney-client privileged material" and does not relate to the claims or defenses in the case. Then he provides a single email in which he sends Kashyap Patel a copy of the complaint.

Bostic publicly claimed Patel has funded this litigation. Bostic or his authorized representative must have discussed this action and the facts underlying it with Patel, presumably including the alleged harm Bostic has suffered to his reputation and business interests. Such conversations, including those occurring in writing, are directly relevant to the claims and defenses in this case. Further, the extent to which a well-known figure in the conservative sphere funded or otherwise assisted with this lawsuit is relevant to the issue of Bostic's status as a public figure, which Bostic has disputed and presumably would dispute in any appeal of this action.

Please confirm that all documents described above have been produced or, if not, please produce them. If Bostic is withholding any responsive documents on grounds of privilege, please produce a detailed privilege log that includes a column stating what the primary purpose of the communication was, whether to seek/provide legal advice or to seek/discuss/provide funding for litigation, or for another purpose.

9.      **RFP No. 38: Documents relating to appearance or potential appearance at any CPAC event from 2020 forward.**

One of the Amended Complaint's core allegations asserts that Bostic was invited to attend CPAC 2021 but was, briefly, disinvited, allegedly as a result of the Article and allegedly causing him harm. Am. Compl. ¶¶ 37, 49-52, 57.

Bostic did not assert any objections to this request and directed The Daily Dot to Bostic_000294-96. Those two emails relate to CPAC 2020. Bostic has not produced anything relating to his invitation, dis-invitation, re-invitation, or attendance at CPAC 2021 (or any CPAC in years since). Given Bostic's allegation that CPAC 2021 presented "enormous" opportunities for him that the Article allegedly disrupted, and that Bostic had "many conversations with

November 1, 2023
Page 7

CPAC staff," Am. Compl. ¶ 52, it seems unlikely that Bostic has no documents whatsoever relating to his potential, proposed, or actual appearance at the event that year.

Bostic must produce all non-privileged documents responsive to this request.

**10.      RFP No. 39: Documents relating to promotion of the documentary**

Bostic refuses to produce any documents relating to the promotion of the documentary he says he produced. Instead, he asserts boilerplate objections, including that the request is not reasonably related to the claims or defenses in this case. The objections are without merit.

Bostic alleges that the Defendants interfered with his efforts to promote the documentary. *See, e.g.*, Am. Compl. ¶¶ 49-57. He seeks $100,000 in "compensatory damages for damage to his business and business opportunities." Resp. to Interrogatory No. 3. He describes those business opportunities as "the opportunity to highlight his own role in the production" of the documentary "and get his name and reputation out to prominent Conservatives." Resp. to Interrogatory No. 4.

Bostic's efforts to promote his film are thus directly relevant to the claims and defenses in this case. For one, efforts to promote the film of course relate to whether and to what extent Bostic suffered the compensatory damages he seeks due to the alleged interference of the ability to promote the movie (and thus promote himself). Further, like any person seeking damages, Bostic had a duty to mitigate them. Evidence of attempts to promote the movie before and after the publication of the Article bear on that key issue as well.

Bostic accordingly must produce all non-privileged documents responsive to this request.

**11.      RFP Nos. 40-43: Financial information**

These requests seek documents relating to the income of Bostic and his companies. Bostic objects on the ground the information is not reasonably related to the claims or defenses in this case.

Bostic seeks $15 million in economic losses, presumed damages, and punitive damages, all allegedly caused by the Article's supposed harm to his reputation and alleged tortious interference with existing or potential contracts. Bostic's income and financial status, and the income and financial status of companies he controls, are directly relevant to whether he in fact suffered any reputational or business harm. *See, e.g., Tavoulareas v. Piro*, 93 F.R.D. 11, 22 (D.D.C. 1981) (documents relating to salary and income relevant where plaintiff claims damage to reputation).

Bostic accordingly must produce all non-privileged documents responsive to these requests.

November 1, 2023
Page 8

### 12.    RFP No. 46: Images and video of events of January 5-6, 2021

This request seeks images or video that depict the events in the Washington, D.C., area on January 5-6, 2021. Bostic asserts boilerplate objections, generally arguing that the only such materials properly within the scope of discovery are images or video he "personally took" on those dates in Washington, D.C.

Bostic's objections are without merit, and his production is thus incomplete. For one, his response necessarily excludes any images or videos anyone else may have taken that depict *him* at these events, and it also excludes any image or videos taken by persons Bostic was with on those days.  Those images and videos are plainly relevant to the claims and defenses in this case, including because they physically place Plaintiff at the scene of the January 6 events, and they may also show how the "WH event," and other events Plaintiff played any role in that day, led to the riot and insurrection. Those images or videos, along with all other non-privileged documents responsive to this request, must be produced.

### 13.    RFP No. 47: Phone records

This case is about Bostic's role in the Stop the Steal movement and organization and his role in the events of January 5-6, 2021, that led to the violent attacks in, on, and around the U.S. Capitol. The network of Bostic's related contacts and the interactions (including but not limited to texts, calls, etc.) he made with those contacts is directly relevant to Bostic's involvement in those events. Part of establishing that network requires identification of those contacts, including the phone numbers Bostic used to reach them. Bostic's boilerplate objections are thus without merit. As discussed above, Bostic's assertion that he does not have possession, custody, or control of the responsive documents is likewise without merit.

Bostic must provide all non-privileged documents responsive to this request.

### C.    Privilege Log

A party withholding information from discovery requests must expressly state they are doing so and must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5); *see also, e.g.*, *Serv. Lloyds Ins. Co. v. N. Am. Risk Servs., Inc.*, No. 1:19-CV-0518-RP, 2021 WL 148054, at *3 (W.D. Tex. Jan. 15, 2021) (party must provide log "with sufficient detail to support its claims of attorney-client privilege for each withheld document") (Pitman, J.).

Several of Bostic's responses to The Daily Dot's RFPs vaguely assert that material might be protected by the attorney-client communications privilege or work-product doctrine. Resps. to RFP Nos. 32-34. It remains unclear, however, whether any material responsive to these requests—or to any others—has been withheld on such grounds. Bostic must revise these

November 1, 2023
Page 9

responses to comply with Rule 26(b)(5) and provide a privilege log detailing the information necessary for The Daily Dot to assess the validity of any such assertion of privilege.[2]

**D.    Interrogatories**

**1.    Interrogatory No. 1: Interest in litigation**

Bostic asserts that there is no person or entity who has any subrogation or other financial interest in this action or who has funded it without any expectation of payment, reimbursement, or compensation. Yet, he has publicly declared otherwise, specifically identifying that this action was funded (in whole or in part) by Kashyap Patel or a fund in which Patel is involved. Please confirm whether this verified response is, in fact, accurate and that neither Patel nor any fund in which he is involved provided any funding for the pursuit of this action.

**2.    Interrogatory No. 3: Information relating to alleged damages**

Bostic does not object to this interrogatory, but he has not provided a complete answer. Specifically, he has failed to identify (1) "all persons with knowledge of facts" relating to his alleged damages and (2) all documents supporting those damages. The Daily Dot is entitled to a response to the entire interrogatory. Bostic must therefore amend this response and provide the requested information.

**3.    Interrogatory No. 4: Information relating to interference with contractual relationships, including CPAC "disinvitation"**

Bostic's objection to this interrogatory as compound is without merit. This interrogatory seeks basic, and necessarily related, information about the alleged contractual relationships with which the Article supposedly interfered. Bostic has asserted that the sole "contractual relationship" at issue relates to "his being disinvited from CPAC." But he has failed to provide the related information regarding (1) whether that "contractual relationship" was based on an oral or written agreement, (2) the people with whom he communicated about that relationship, (3) the manner in which he contends his "contractual relationship" with CPAC was interfered with, or (4) the manner in which he calculates damages arising from the alleged interference.

The Daily Dot is entitled to the requested information pertaining to this core allegation of Bostic's Amended Complaint and damages theory. Bostic accordingly must amend his answer and provide that information.

---

[2] If you can confirm the date that Bostic reached out to your firm regarding possible retention in this matter, we are willing to agree that, notwithstanding whether such material is responsive to The Daily Dot's RFPs, (1) communications exclusively between Bostic and your firm (*i.e.*, involving no third parties) relating to this action and created on and after that date and (2) attorney work-product materials created on and after that date need not be included in the required privilege log.

November 1, 2023
Page 10

### 4.       Interrogatory No. 14: Communications on January 5-6, 2021

Bostic fails to describe the content of his conversations with the people identified in response to this interrogatory, as requested. He also fails to specify the date(s) on which those communications occurred and how those communications occurred.

The Daily Dot is entitled to that information. Bostic must therefore amend his answer and provide it.

*       *       *

The Daily Dot hopes Bostic will rectify these deficiencies promptly and without the need for Court intervention. We therefore ask that you provide the requested documents and information **within one week**. Otherwise, given the timing requirements imposed on the parties in light of the remainder of the case schedule, we intend to seek relief from the Court.

Sincerely,

Ashley I. Kissinger
Matthew S.L. Cate