IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DANIEL BOSTIC, | § | |
| Plaintiff, | § | |
| v. | § | 1:22-CV-158-RP |
| THE DAILY DOT, LLC and ZACHARY PETRIZZO | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants The Daily Dot, LLC's ("The Daily Dot") motion to compel, (Dkt. 36). The Daily Dot filed its motion on December 13, 2023. (*Id.*). To date, Plaintiff Daniel Bostic ("Bostic") has not filed a response. Accordingly, the Court will grant the motion as unopposed. *See* W.D. Tex. Loc. R. CV-7(d)(2) ("A response to a discovery or case management motion shall be filed not later than 7 days after the filing of the motion. . . . If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed.").

**IT IS THEREFORE ORDERED** that The Daily Dot's motion, (Dkt. 36), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Daniel Bostic shall, within 15 days of this Order:

1. Amend his responses to The Daily Dot's requests for production ("RFP") Nos. 1, 16-21, 32-34, and 44 to identify whether he is withholding any documents responsive to those RFPs on the basis of his asserted objections and, if so, which objections he relies upon to withhold responsive documents.

2. Produce all non-privileged documents responsive to RFP Nos. 29 and 47 within his possession, custody, and control, including but not limited to documents he is legally

1

entitled to obtain from any third parties, including but not limited to cell phone service providers.

3. Produce all non-privileged documents responsive to RFP No. 16, narrowed as follows by The Daily Dot: "The entire string of messages exchanged from November 1, 2020, through January 31, 2021, via text or in any messaging or chat group that sent any messages concerning any potential or actual event or gathering concerning the 2020 U.S. presidential election, the integrity of the ballot-counting process in any state during that election, or any Stop the Steal Group."

4. Produce all non-privileged documents responsive to RFP No. 20, narrowed as follows by The Daily Dot: "All documents concerning Stop the Steal LLC, Stop the Steal Political Action Committee, or any other Stop the Steal Group, relating to any event, rally, demonstration, or gathering of any type concerning the 2020 U.S. presidential election or the integrity of the ballot-counting process in any state during the election."

5. Produce all non-privileged documents responsive to RFP No. 21, narrowed as follows by The Daily Dot: "All documents relating to any credit card or bank account(s) affiliated with or used by Stop the Steal LLC, Stop the Steal Political Action Committee, any other Stop the Steal Group referring or relating to any expenses or charges in connection with event, rally, demonstration, or gathering of any type concerning the 2020 U.S. presidential election or the integrity of the ballot-counting process in any state during the election."

6. Produce all non-privileged documents responsive to RFP No. 4, narrowed as follows by The Daily Dot: "All documents concerning any activity of any sort, that Bostic or any member of any Stop the Steal Group participated in or contributed to or was involved in, in any fashion and to any degree, that occurred in the Washington, D.C. area, from

November 1, 2020, through April 30, 2021, concerning the 2020 U.S. presidential election, the integrity of the ballot-counting process in any state during that election, any Stop the Steal Group."

7. Produce all non-privileged documents responsive to RFP No. 18, narrowed as follows by The Daily Dot: "All documents concerning any person's or group of persons' transportation to or from any meeting, event, rally, or gathering of any type planned or held from November 1, 2020, through January 31, 2021, that concerned the 2020 U.S. presidential election or the integrity of the ballot-counting process in any state during that election, in which Bostic or any member of any Stop the Steal Group was involved in any fashion and to any degree."

8. Produce all non-privileged documents responsive to RFP Nos. 11-14.

9. Produce all non-privileged documents responsive to RFP No. 22, narrowed as follows by The Daily Dot: "All documents concerning any payment-processing accounts or fundraising platforms to which Bostic had account access from November 1, 2020, through April 30, 2021, where the documents relate to any Stop the Steal Group or any other organization of any type that disputed the results of the 2020 U.S. presidential election or disputed the integrity of the ballot-counting process in any state during that election."

10. Produce all non-privileged documents responsive to RFP Nos. 34, 38-39, 40-41, 43, and 46.

11. Identify in response to all RFPs whether Bostic previously had but no longer has possession, custody, or control of documents responsive to The Daily Dot's RFPs and, for each such document, identify (1) the type of document, (2) its general subject matter, (3) its date, (4) the name(s) and address(es) of each person who prepared, received,

viewed or has or has had possession, custody or control of the document, (5) the specific reason for your inability to provide the document, and (6) the date plaintiff determined that the documents were missing or that they were destroyed.

12. Provide a privilege log in compliance with Federal Rule of Civil Procedure 26(b)(5) for every document responsive to The Daily Dot's RFPs that plaintiff is withholding based on an assertion of privilege.

13. Provide a full response to Interrogatory No. 3.

The Court agrees that Bostic's failure to respond to The Daily Dot's efforts to meet and confer, combined with their failure to timely respond to the motion to compel, "necessitate[d] the motion" to compel. Fed. R. Civ. P. 37(a)(5). As Bostic has not responded to the motion, there is no basis to believe that the nondisclosure or objection was "substantially justified." *Id.*

Accordingly, the Court will **GRANT** The Daily Dot's request for attorney's fees and costs expended in connection with the motion to compel, (Dkt. 36).[1]

The Daily Dot shall file an application for attorney's fees and expenses on or before **January 23, 2024**.

**SIGNED** on December 21, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] As stated in the Court's protective order, The Daily Dot may not recover fees expended in connection with its motion for a protective order because Bostic timely noted his non-opposition to the motion. (Order, Dkt. 39, at 1); *see also* Fed. R. Civ. P. 37(a)(5)(A)(iii). If possible, The Daily Dot shall segregate its attorneys' fees and costs associated with the motion for a protective order from those associated with the motion to compel.