



P: 703-888-1943 • F: 703-888-1930
717 King Street, Suite 200 • Alexandria, VA 22314

**Jason Greaves**
PARTNER

D: 571-467-0003
E: jason@binnall.com

December 15, 2023

**BY EMAIL**

Matthew S.L. Cate
Ashley I. Kissinger
BALLARD SPAHR
1909 K Street, NW, 12th Floor
Washington, DC 20006
catem@ballardspahr.com
kissingera@ballardspahr.com

    RE:    *Bostic v. Daily Dot* – Discovery Issues

Dear Matthew,

    I am in receipt of your November 1, 2023 letter and your subsequent emails. I acknowledge and apologize for the tardiness of my response, and can only attribute it to overwork and my reliance on my paralegal to keep on top of scheduling and emails, and she was not copied on the correspondence. That is not to indicate any fault on your part, but just for future reference, please do copy Liz. I have also recently taken over many cases for an attorney that suffered a stroke, Steve Biss, and have been busier than normal in trying to rebuild client files and get up to speed on cases that are in various stages of litigation. Again, that is not your problem, and I realize it. I just don't want you to think I was intentionally ignoring you.

    As for the substance of your discovery issues, I think we should be able to work these out. First, as to the protective order, I sent you a proposed protective order on July 29, along with the second document production. I believe it is materially similar to the proposed order you filed with the court, and I will of course sign your proposed order. Therefore, I am also producing unredacted versions of all prior redacted discovery, and any documents previously withheld based on lack of a protective order.

    My client is in the process of signing HIPAA releases for Laura Sabatini, as well as two other providers who I am including in a supplemental discovery response herewith. One is his psychiatric provider, Centerway Behavioral Health, and one is a nurse practitioner that my client recently started seeing with regard to his anxiety.

WWW.BINNALL.COM

*Bostic v. Daily Dot – Discovery Issues*
*December 15, 2023*
*Page 2 of 5*

As for the FBI waivers, I am not aware of any authority that would suggest that Mr. Bostic is in control of FBI files, or that he is required to sign the waivers you have provided. If you disagree, I am happy to consider any such authority, but my understanding is that to get information from the government, you typically have to go through a Touhy request.

To address your specific concerns:

**Requests for Production**:

1. You indicate the existence of an email to Erica Knight on 2/23/2022 and potentially other emails that you believe should exist. This is correct and due to a technical error on my end that I was unaware of until you pointed out these specific emails. I am supplementing with these additional emails which should address your concerns.

   You have referenced various Google docs and shared folders for STS. Because Mr. Bostic is no longer a part of STS, he is not permitted to access these documents, which belong to STS, and should be requested from STS directly. With regard to the shared document with Ali Alexander in Bostic_000679, Mr. Bostic was able to access and download it, and it is produced as Bostic_000954.

   With regard to Bostic_000352, that appears to be a digital conversion error, with the email not showing the attached image, or only a part of it. I have extracted that image and have produced it in this supplemental production as Bostic_000953. It was certainly not redacted, nor have any white redactions ever been used.

2. Mr. Bostic will produce a supplement to indicate whether any documents are withheld. Broadly speaking, he has not.

   In response to RFP Nos. 1, 16, 19, and 47, he has specifically stated the parameters he searched for, based on objections to scope, and has withheld nothing within those parameters. I am happy to meet and confer over the scope of these requests so that we can hopefully come to an agreement, as we apparently have already with regard to No. 16.

   In response to RFP No. 4, it looks like we are in agreement, as discussed below, with no documents withheld.

   In response to RFP Nos. 17, 18, 20, and 21, he has not withheld any documents.

   With regard to RFP No. 22, it looks like we are now in agreement, as discussed below, with no documents withheld.

   With regard to RFP Nos. 32 and 33, Mr. Bostic is not required to itemize all of his

*Bostic v. Daily Dot – Discovery Issues*
*December 15, 2023*
*Page 3 of 5*

> attorney-client communications regarding this lawsuit, which are obviously withheld.
>
> With regard to RFP No. 34, Mr. Bostic previously withheld an email that was potentially privileged, but upon review it appears privilege was waived, and it is produced herewith as Bostic_001258–60. No other documents are withheld.
>
> With regard to RFP No. 39, Mr. Bostic stands on his objection, as the broad promotion for the documentary is not relevant, it is burdensome because he is subject to NDAs, and he has not alleged damages with regard to the money made by the documentary (Mr. Bostic was a 1099 contractor for AMDC, and did not have any financial stake in the documentary); his only claim for damage related to the documentary was in his ability to promote himself at the CPAC event in connection with the documentary. To the extent that the request is limited to just promotion of the documentary at CPAC during the relevant time period, he has searched for any such documents and has not withheld any.
>
> With regard to RFP Nos. 40, 41, and 43, now that we have an agreed protective order, Mr. Bostic will produce any responsive documents.
>
> With regard to RFP No. 44, other than documents specifically referenced above, Mr. Bostic has not withheld any responsive documents.

3. Regarding documents not in the possession, custody, or control of Mr. Bostic, his responses are accurate. As to his phone records, he will make the request of his service provider.

4. Regarding RFP Nos. 16, 20 and 21 – Mr. Bostic agrees to the narrowed scope and respond without objection that Mr. Bostic does not have anything responsive other than what has already been produced as responsive to the requests.

5. Regarding RFP Nos. 4 and 18 – Mr. Bostic agrees to the narrowed scope and respond without objection that Mr. Bostic's productions to date contain anything that would be responsive.

6. Regarding RFP Nos. 11–14 – Mr. Bostic has conducted a thorough search of documents. As discussed above, several emails were inadvertently not produced in the first round and are produced herewith. There may be documents in the new batch that are responsive, but upon a cursory review, I do not believe that they are.

7. Regarding RFP No. 22 – Mr. Bostic agrees to the narrowed scope and responds without objection that Mr. Bostic's productions to date contain anything that would

*Bostic v. Daily Dot – Discovery Issues*
*December 15, 2023*
*Page 4 of 5*

    be responsive.

8. Regarding RFP No. 34 – Mr. Bostic withdraws the objection and confirms that no responsive documents are withheld.

9. Regarding RFP No. 38 – Mr. Bostic has searched for and produced whatever documents he has related to CPAC.

10. Regarding RFP No. 39 – First, Mr. Bostic's damages are personal to him and his own business, which are separate from his role as a producer for the documentary. He was a 1099 contractor for AMDC, and had no financial interest in the documentary. Furthermore, he is bound by NDAs with regard to the documentary. We may be able to work on a narrowed scope that would not violate his NDAs, and would stay within the relevancy of this lawsuit, but as written, the request is far too broad and burdensome.

11. Regarding RFP Nos. 40, 41, and 43, Mr. Bostic withdraws his objections and will produce responsive documents. Regarding RFP No. 42, that request remains objectionable as AMDC, LLC is not a party and has nothing to do with Mr. Bostic's damages in this case. Regardless, he does not possess responsive documents to 42.

12. Regarding RFP No. 46 – Mr. Bostic can only produce what he has, and he has done so. He has produced all media of January 6 and other STS events that are in his possession, custody, or control. He cannot be made to seek out documents that are equally accessible to Defendants.

13. Regarding RFP No. 47 – Mr. Bostic withdraws objections and will produce responsive documents.

**Interrogatories**:

1. Interrogatory No. 1: This is correct, in that the monetary contribution made to Mr. Bostic's litigation was a simple donation to help pay expenses, with no expectation of repayment. No one, other than Mr. Bostic's lawyers, has any financial interest in the outcome of the case.

2. Interrogatory No. 3: Mr. Bostic's most significant damages are to his reputation and his consulting business. The person with direct knowledge of this is Mr. Bostic. In addition, his close associates also have knowledge of his damages, including Amanda Milius and Philip Hancock. As for his psychological damage, Mr. Bostic, Laura Sabatini, and Sarah Ferrillo have relevant knowledge. Mr. Bostic will supplement with any additional individuals. Mr. Bostic will produce documents in support of his therapeutic treatment, and will supplement with any documents that

    support his business and reputational damages.

3. Interrogatory No. 4: Mr. Bostic withdraws his objections and will supplement with any additional information he can provide regarding the CPAC event and his disinvitation.

4. Interrogatory No. 14: Mr. Bostic cannot possibly remember every person he spoke with on two days that occurred almost 3 years ago, one of which was one of the most significant dates in modern history. Nor would every person and conversation be relevant. Therefore, Mr. Bostic stands on the objection, and will supplement the full names of individuals he communicated with on those days about STS or the events, rallies, or protests of Jan. 6, as previously stated. To the extent he can recall more specific details about those communications, he will provide those as well.

    I look forward to resolving any remaining issues. I will be out of the country for the next two weeks, but will have access to the internet and will make every effort to remain in communication with you to help facilitate both of our ability to complete discovery in this case. I hope that you have a Merry Christmas, Happy Holidays, and Happy New Year.

    Sincerely,

    Jason C. Greaves