

# Bostic/The Daily Dot: letter regarding Bostic discovery responses

**Jason Greaves** <jason@binnall.com>                                                                   Wed, Dec 27, 2023 at 11:42 AM
To: "Cate, Matthew" <catem@ballardspahr.com>
Cc: "Kissinger, Ashley I." <KissingerA@ballardspahr.com>, Elizabeth Holmes <liz@binnall.com>

Hi Matthew,

I just realized that I did not address the prior objection to RFP 44 in the supplemental response. That should have included a supplemental response similar to RFP 32, withdrawing the objection. Please disregard the prior PDF and use this one.

On Wed, Dec 27, 2023 at 11:28 AM Jason Greaves <jason@binnall.com> wrote:

Hi Matthew,

I just sent over a supplemental response to the document requests, which should address many of the issues we are discussing, as Mr. Bostic has withdrawn several objections, and has specified where any documents have been withheld. You should also expect verified, supplemental answers to interrogatories prior to Jan. 5. In response to the itemized issues of your above email:

**RFPs 29 and 47** – I have clarified with my client on this issue, and while he withdraws objections, he cannot produce responsive documents because he no longer has the work account (the 202 number) and has changed carriers for his personal account. To the best of his recollection, his work account was with Visible Mobile, and his personal was with T-Mobile at the relevant time.

**RFPs 4, 18, and 22** –Mr. Bostic has withdrawn objections pursuant to agreed narrowing and confirms that he has produced everything responsive within his possession, custody, or control.

**RFP 39** – Mr. Bostic maintains that his damages in this case are to him personally. Given that this case involves Mr. Bostic's inability to network with prominent Conservatives at CPAC 2021, it is appropriate to narrow this request to any communications related to promoting the documentary at CPAC. Mr. Bostic has searched for any such communications and does not possess any.

**RFPs 40–41, 42** – Mr. Bostic will provide responsive documents by Jan. 5, 2024.

**Interrogatory 3** – Mr. Bostic will provide his supplemental verified answers to interrogatories by Jan. 5, 2024.

**Privilege log** – Pursuant to your clarifications in your last email of Dec. 19, on material to be excluded, Mr. Bostic is not withholding any documents as privileged.

**Waivers** – Please find the requested HIPPA waivers attached. As for records protected by the Privacy Act, I have searched for and can find no authority for the proposition that Mr. Bostic is required to sign a waiver for unlimited documents held by a government agency simply because he is a litigant in a lawsuit, or that he has "control" over FBI documents just because he has the right to request them, especially since the Privacy Act gives law enforcement agencies the ability to withhold documents.

Best,

**Jason Greaves**
**Partner**   Binnall Law Group
717 King Street | Suite 200 | Alexandria, VA 22314
(571) 467-0003 (direct)
(703) 888-1943 (office)
jason@binnall.com

EXHIBIT B



This electronic message transmission contains information from the Binnall Law Group, PLLC that may be confidential or privileged. The information is intended solely for the recipient and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone at (703) 888-1943 or by replying to this e-mail. Thank you.

On Tue, Dec 19, 2023 at 5:34 AM Cate, Matthew <catem@ballardspahr.com> wrote:

> Hi, Jason.
>
> Thank you for your December 15 letter. Without waiving defendants' right to raise other issues, the following issues still need to be resolved:
>
> **RFPs 29 & 47 (phone records)**
>
> Please confirm that plaintiff will produce the responsive documents by January 5, 2024.
>
> **RFPs 4, 18, and 22**
>
> Your letter asserts that plaintiff's "productions to date contain anything that would be responsive" to these RFPs. While it appears that you're saying plaintiff has produced *everything* in his possession, custody, or control that is responsive to these RFPs, the language here is different from the assertion regarding the fulfilment of RFPs 16, 20-21 ("Mr. Bostic does not have anything responsive other than what has already been produced as responsive[.]").
>
> So, just to be clear, can you confirm that plaintiff has produced everything in his possession, custody, or control that is responsive to RFPs 4, 18, and 22 (as those RFPs have been narrowed by agreement)?
>
> **RFP 39 (promotion of documentary)**
>
> Plaintiff's tortious interference claim is premised on the alleged inability of plaintiff to promote the documentary at CPAC. *See* Am. Compl. ¶¶ 49-51 (alleging that CPAC attendance was "a means of promoting the documentary" and would've allowed him "to meet with potential investors for the film and future projects, and potential distributors for the film"). Plaintiff's interrogatory responses reassert that contention. *See* Resp. to Rog 5 (asserting that CPAC 2021 "was ideal for Mr. Bostic to not only promote the film . . . but to network with and promote the film to some of the most prominent Conservative influencers in the country."). The promotion of the documentary and its financial success is thus squarely relevant to the tortious interference claim and the way it has been asserted.
>
> Further, with the protective order in place, we don't see how the NDA could properly prohibit disclose of responsive documents. If there are truly confidential materials, plaintiff can designate those as provided.
>
> As to the scope of this RFP, it seeks communications involving plaintiff concerning the documentary's promotion. This is as narrowly drawn as it can be given the centrality of this issue to the tortious interference claim.

Please withdraw the objections and confirm that plaintiff will produce the responsive material by January 5, 2024.

### RFPs 40-41, 43 (financial and tax documents)

We appreciate plaintiff withdrawing the asserted objections to these RFPs and promising to provide them. Please confirm that plaintiff will produce the documents by January 5, 2024.

### Interrogatory 3 (information regarding damages)

We appreciate the additional information asserted in your letter and plaintiff's promise to produce documents relating to this interrogatory. These assertions, however, should be made in a verified supplemental interrogatory response. Please confirm that plaintiff will, by January 5, 2024, provide that supplemental response—including any necessary clarification of damages allegedly relating to the promotion of the documentary—and the promised documents relating to his damages.

### Privilege log

It's unclear from your letter or plaintiff's discovery responses whether any information has been withheld on the basis of an asserted privilege. Your letter refers only to RFPs 32-33 and asserts that plaintiff is "not required to itemize all of his attorney-client communications regarding this lawsuit." But the FRCP requires a privilege log. Fed. R. Civ. P. 26(b)(5). And Judge Pitman has made clear that the rule thus requires parties to provide logs "with sufficient detail to support its claims of attorney-client privilege for each withheld document" allegedly falling within that protection. *Serv. Lloyds Ins. Co. v. N. Am. Risk Servs., Inc.*, No. 1:19-CV-0518-RP, 2021 WL 148054, at *3 (W.D. Tex. Jan. 15, 2021) (Pitman, J.).

To mitigate the time and expense of compliance with the privilege-log requirement, however, we previously offered to exclude (1) communications exclusively between plaintiff and your firm (*i.e.*, not involving any third parties) relating to this case that were created on & after the date Bostic contacted your firm for possible retention for this action and (2) attorney work-product material created on and after that same date.

Excluding the material falling within those two exceptions, we ask that plaintiff provide a privilege log identifying all responsive documents being withheld on the basis of any privilege and confirm that you will provide the log by January 5, 2024.

### Waivers

Please confirm you will provide the HIPAA waivers by the end of the week.

As to the Privacy Act waiver, plaintiff is statutorily entitled to access copies of records concerning him that are in the FBI's possession. *See* 5 U.S.C. § 552a(d)(1) (requiring agencies to permit access to records "upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system"). The Department of Justice has a specific form for such requests and to authorize someone else to request such material. *See* https://www.fbi.gov/file-repository/u-s-department-of-justice-form-361-certification-of-identity.pdf/view (providing the "Form to request DOJ information about oneself under the Freedom of Information Act (FOIA)"); *see also* our email providing partially completed copy of authorization. Because plaintiff has a legal right to obtain this information, it is within his possession, custody, or control. So, we ask that plaintiff execute and return the waiver so that we can proceed to seek the material.

We appreciate a quick response.

--

**Matthew S.L. Cate**
He/Him/His
Ballard Spahr LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006-1157
Direct 202.661.7698
Fax 202.661.2299
Mobile 415.297.7272
catem@ballardspahr.com
www.ballardspahr.com


**From:** Jason Greaves <jason@binnall.com>
**Sent:** Friday, December 15, 2023 7:57 PM
**To:** Cate, Matthew <catem@ballardspahr.com>
**Cc:** Kissinger, Ashley I. <KissingerA@ballardspahr.com>; Elizabeth Holmes <liz@binnall.com>
**Subject:** Re: Bostic/The Daily Dot: letter regarding Bostic discovery responses


⚠ **EXTERNAL**

Hi Matt,

Here is a more thorough response to your letter, and I will go ahead and get that notice of non-opposition filed. I am hopeful that we can also work out a resolution to the motion to compel. Let's work out a time to talk next week if you are available.

Also, the following is a link to our 3rd production, which includes the non-redacted documents from before, and a supplemental document production. You will notice that I included one of the emails in native format, because I could not get one of the four attachments within to open for Bates numbering. I think the file is corrupt, but maybe you will have better luck with it.

https://binnall.box.com/s/w78d3j8rtiwq0ra4jnkay8a26hxwdsiy


Best,

Jason


On Fri, Dec 15, 2023 at 6:44 PM Cate, Matthew <catem@ballardspahr.com> wrote:

> Thanks, Jason.
>
> As requested in your email to me this morning, we'll copy Liz on future emails (I've copied her into this chain).

Glad to hear that plaintiff is amenable to entry of the court's form protective order. Seems most efficient at this point for plaintiff to file a notice of non-opposition or consent to our motion for entry of protective order.

We look forward to receiving the rest of the material and information you mention below.

Have a good weekend.

--

**Matthew S.L. Cate**
**He/Him/His**
Ballard Spahr LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006-1157
Direct 202.661.7698
Fax 202.661.2299
Mobile 415.297.7272
catem@ballardspahr.com
www.ballardspahr.com


**From:** Jason Greaves <jason@binnall.com>
**Sent:** Friday, December 15, 2023 12:59 PM
**To:** Cate, Matthew <catem@ballardspahr.com>
**Cc:** Kissinger, Ashley I. <KissingerA@ballardspahr.com>
**Subject:** Re: Bostic/The Daily Dot: letter regarding Bostic discovery responses

⚠ **EXTERNAL**

Hi Matthew,

I apologize for not getting back with you sooner on these issues. I do consent to the entry of the form protective order, which I believe is materially identical to the one I sent back in July, and will sign that. I will also produce unredacted versions of all documents. I should have the HIPAA release back to you shortly, and a supplemental production and responses. I am working on a more substantive response to your detailed letter, but wanted to let you know that I was not ignoring you.

I can accept service of a subpoena to Jesse Binnall personally. If Jesse is the agent for 1AMDC, we will accept service of that as well.

Best,

**Jason Greaves**
**Partner** | Binnall Law Group
717 King Street | Suite 200 | Alexandria, VA 22314
(571) 467-0003 (direct)
(703) 888-1943 (office)
jason@binnall.com

This electronic message transmission contains information from the Binnall Law Group, PLLC that may be confidential or privileged. The information is intended solely for the recipient and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone at (703) 888-1943 or by replying to this e-mail. Thank you.

On Wed, Nov 15, 2023 at 5:04 PM Cate, Matthew <catem@ballardspahr.com> wrote:

> Jason,
>
> We would appreciate it if we could get your engagement on these issues.
>
> There are substantial deficiencies in plaintiff's discovery responses we need to discuss, and there's no excuse not to have the court's form protective order in place. If we have to file a motion to compel in the face of your non-engagement, we will seek recovery of our fees incurred in connection with the motion.
>
> Separately, we need to know whether you are authorized to accept service of some subpoenas we intend to serve on your law partner, Jesse Binnall. First, Jesse is a fact witness who communicated with plaintiff about obtaining VIP access to the 1/6 speeches, and we intend to obtain discovery from him about those communications and other relevant issues. Second, Jesse is identified as the agent for service of process for 1AMDC LLC, whom we intend to subpoena in connection with plaintiff's claims about the promotion of his documentary. Finally, Jesse is listed as an officer of the Kash Foundation, Inc., which we also intend to subpoena. Rather than personally serving these subpoenas on Jesse at his office or home, we'd like to know if you are authorized to accept service (and via email). Please advise by the end of the day tomorrow.
>
> Also, we intend to obtain from the FBI any files it possesses about plaintiff. As you may be aware, plaintiff is entitled by law under the Privacy Act to obtain this material through his own request. *See, e.g.*, 5 U.S.C. § 552a. Rather than forcing plaintiff to obtain his file (which is under his "control" because he is legally entitled to obtain a copy), we ask that Mr. Bostic complete and execute the **attached Privacy Act Waiver and Certification of Identity** so that we may submit our FOIA request for that information. Please provide these two executed materials by Wednesday, Nov. 22.
>
> Finally, we intend to subpoena the therapist identified in plaintiff's initial disclosures and discovery responses. Please have Mr. Bostic execute the **attached HIPAA authorization form** and return it by next Wednesday as well.
>
> We appreciate your prompt attention to these issues.
>
> Thank you.
>
> --

Matthew S.L. Cate
He/Him/His
Ballard Spahr LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006-1157
Direct 202.661.7698
Fax 202.661.2299
Mobile 415.297.7272
catem@ballardspahr.com
www.ballardspahr.com

---

**From:** Cate, Matthew
**Sent:** Thursday, November 9, 2023 5:24 PM
**To:** Jason Greaves <jason@binnall.com>
**Cc:** Kissinger, Ashley I. <KissingerA@ballardspahr.com>
**Subject:** RE: Bostic/The Daily Dot: letter regarding Bostic discovery responses

Hi, Jason.

I just left you a voicemail. Can you confirm whether & when plaintiff intends to respond to our letter of last week?

We have raised several issues that need to be resolved, including the simple submission of the court's form protective order that plaintiff has said is necessary before he will produce additional information. Ideally, we wouldn't have to resort to motion practice, but the combination of the pretrial schedule and lack of any response from plaintiff leaves us with few options.

Please advise. Thank you.

--

Matthew S.L. Cate
He/Him/His
Ballard Spahr LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006-1157
Direct 202.661.7698
Fax 202.661.2299
Mobile 415.297.7272
catem@ballardspahr.com
www.ballardspahr.com

---

**From:** Cate, Matthew
**Sent:** Wednesday, November 1, 2023 2:31 PM
**To:** Jason Greaves <jason@binnall.com>
**Cc:** Kissinger, Ashley I. <KissingerA@ballardspahr.com>
**Subject:** Bostic/The Daily Dot: letter regarding Bostic discovery responses

Hi, Jason.

As referenced in my voicemail, please see attached for a letter regarding plaintiff's discovery responses.

We appreciate your prompt attention to these issues and look forward to plaintiff's further production of responsive documents and information.

Thank you.

--

**Matthew S.L. Cate**
He/Him/His

**Ballard Spahr** LLP

1909 K Street, NW, 12th Floor
Washington, DC 20006-1157

202.661.7698 DIRECT
202.661.2299 FAX

415.297.7272 MOBILE | catem@ballardspahr.com
LINKEDIN | VCARD

--------------------------------

www.ballardspahr.com

📄 **2023.12.16 - Bostic 1st Supp response to RFPs.pdf**
184K